IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
JAN 3 0 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| JASON RUBEN CAVAZOS, Petitioner, <br><br> VS. <br><br> THE STATE OF TEXAS, Respondent. | § § § § § § § § |

MISC. ACTION NO. B-03-019

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Petition for Writ of Habeas Corpus (Docket No. 1) filed by Petitioner, Jason Ruben Cavazos ("Cavazos") pursuant to 28 U.S.C. § 2254. Also pending before the Court is a Motion to Dismiss (Docket No. 4) filed by the Respondent pursuant to FED. R. CIV. P. 12(b)(1).

### I. Factual Background

According to the Respondent's Motion to Dismiss, Cavazos was arrested on September 11, 2003, in Texas, pursuant to a warrant for murder from Knox County, Tennessee. In addition, Cavazos was charged by the State of Texas for assault and drug possession, both misdemeanor offenses. On October 27, 2003, the Cameron County Sheriff's Office notified the Knox County Sheriff's Office that Cavazos refused to waive extradition and requested that Tennessee obtain the necessary Governor's warrant.

On October 28, 2003, Cavazos plead nolo contendere to the drug possession charge, in Cause No. 2003-CCR-5187-C, was found guilty and sentenced to six months in jail. Cavazos also plead nolo contendere to the assault-family violence charge, in Cause No. 2003-CCR-4968-C, was found guilty and sentenced to twelve months in county jail.

On October 29, 2003, Cavazos filed a pro se habeas petition in this court seeking relief in

the form of immediate extradition to the State of Tennessee. Cavazos states that he has been in the custody of the State of Texas for more than "55 days following the date specified in the rule and has not being extradite commenced upon this habeas corpus". Cavazos argues that he has been confined longer than the time period allowed by law under "the agreement", but does not specify which law or agreement affords such protection.

## II. Analysis

### A. Standard of Review

Motions filed under Rule 12(b)(1), challenge the subject matter jurisdiction of the district court. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996)). In instances where a Rule 12(b)(1) motion is filed in conjunction with another Rule 12 motion, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any other issue. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998).

### B. Federal Habeas Corpus Relief

Under 28 U.S.C. § 2254, a person in custody pursuant to the judgment of a State court can file an application for writ of habeas corpus in a federal district court only on the ground that

he is in custody in violation of the Constitution or laws or treaties of the United States. Further, subsection (b) requires that the petitioner first exhaust the remedies available to him in the courts of the State, or show that there is an absence of available State corrective process, or the existence of circumstances rendering such process ineffective to protect petitioner's rights.

In this case, Cavazos appears to be seeking relief under state law, presumably Article 51.13 of the Texas Code of Criminal Procedure, entitled the Uniform Criminal Extradition Act ("UCEA"). Specifically, section 10 provides that the accused be taken "forthwith before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel." In addition, "if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus."

Cavazos does not appear to be testing the legality of his arrest, but rather challenging his confinement pursuant to the convictions made in the State of Texas. However, the language of the UCEA makes it clear that Cavazos can be subject to serve any sentence imposed upon him for crimes committed in the State of Texas. Under section 19, "if a criminal prosecution has been instituted against such person under the laws of this State and is still pending, the Governor, in his discretion, either may surrender him on demand of the Executive Authority of another State or hold him until he has been tried and discharged or convicted and punished in this State."

Further under section 25b, "Nothing in this Act contained shall be deemed to constitute a waiver by this State of its right, power or privilege to try such demanded person for crime committed within this State, or of its right, power or privilege to regain custody of such person

3

by extradition proceedings or otherwise for the purpose of trial, sentence or punishment for any crime committed within this State, nor shall any proceedings had under this Article which result, or fail to result in, extradition to be deemed a waiver by this State of any of its rights, privileges or jurisdiction in any way whatsoever."

Aside from the fact that Cavazos appears to misunderstand his rights under the UCEA, he has fails to allege that he is being held in custody in violation of the Constitution or the laws of the United States, as required to state a claim under § 2254. In addition, he has failed to exhaust state statutory remedies, as is also required.

### III. Recommendation

The Court, taking into consideration Cavazos status as a pro se petitioner, finds that he has failed to establish subject matter jurisdiction under 28 U.S.C. § 2254.

**IT IS** therefore **RECOMMENDED** that Cavazos' habeas corpus petition, filed pursuant to 28 U.S.C. §2254 be **DENIED** and Respondent's Motion to Dismiss filed pursuant to FED. R. CIV. P. 12(b)(1) be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 29th day of January, 2004.

　　　　　　　　　　　　　　　　　　　　John Wm. Black
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge